

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2006

# USA v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3748

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Miller" (2006). *2006 Decisions.* Paper 1097.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1097

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3748

UNITED STATES OF AMERICA

v.

MICHAEL JEROME MILLER,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 03-cr-00187)
District Judge: The Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Submitted May 11, 2006

Before: BARRY, SMITH and *TASHIMA, *Circuit Judges*

(Filed: May 17, 2006)

OPINION

SMITH, *Circuit Judge*.

    Police officers from the City of York searched the house in which Michael J.

---

    *The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

Miller resided, pursuant to a warrant, on January 29, 2003. During the execution of the search, Miller arrived at the residence. When asked, he admitted that he had a firearm on his person. The police seized crack cocaine and marijuana during the search. A two count indictment charged Miller with being a felon in possession of a firearm, and of possessing a firearm during and in relation to a drug trafficking crime. After his motion to suppress was denied, Miller entered a conditional guilty plea to preserve his appeal rights with regard to the motion to suppress. When the parties realized that the guideline range was 262 months, they renegotiated the charges and Miller pleaded guilty to a superseding information charging him with possession of crack cocaine and possession of a firearm by a convicted felon.

Despite the fact that Miller pleaded guilty to possessing only the three grams of crack cocaine found on his person, his guideline range was computed using all of the crack cocaine confiscated during the execution of the search warrant, *i.e.*, 45 grams. This resulted in an offense level of 30. After adjustments were made for Miller's possession of the firearm and his acceptance of responsibility, his total offense level was reduced to 29. Although Miller had 6 criminal history points consistent with a criminal history category of III, his criminal history category was increased to VI because he qualified as a career offender under United States Sentencing Guideline (U.S.S.G.) § 4B1.1. As a result, Miller's guideline range was 151 - 188 months.

Miller argued that this criminal history category of VI resulting from his status as a career offender was too severe and that it overstated his criminal history. The District

Court agreed, and lowered his criminal history category to V, yielding a guideline range of 140 - 175 months. After subtracting 11 months from the bottom of the guideline range for time served on related state charges, the Court sentenced Miller to 129 months.

Miller appealed. We affirmed the denial of the motion to suppress and remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). On remand, the District Court declared that he did not think the sentence of 129 months was "in any way unfair or undeserved . . . ." Nevertheless, he sentenced Miller to 109 months after considering both the status of his state sentence and a letter from prison officials attesting to Miller's positive adjustment in prison. This sentence was below the applicable guideline range, and reflected a total of 109 months on each count, each to be served concurrently with the other, and the federal sentence concurrent with his state sentence.

This appeal followed. Miller challenges the quantity of the drugs used to compute his guideline range. In addition, Miller contends that the Court erred by "labeling him a career offender for sentencing purposes" because it severely overstated the seriousness of his criminal history and the likelihood of recidivism.[1]

Miller argues that the District Court erred by attributing to him the 45 grams of crack cocaine found during the execution of the search warrant. He contends that, consistent with the adjudication by the Pennsylvania Superior Court of his appeal on the

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

related state charges, only 16.5 grams should be attributed to him. He argues that a reduction in the quantity of crack cocaine would reduce his total offense level to 26.

Miller's argument does not further his cause because it ignores the fact, as he concedes, that he is a career offender under U.S.S.G. § 4B1.1. Subsection (b) of this guideline directs that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." Thus, even if we agreed with Miller that the drug quantity was excessive and that his offense level should have been lower, guideline § 4B1.1(b)(C) would require increasing the offense level to 32 because the statutory maximum for his offense of conviction is twenty years. Application of the acceptance of responsibility adjustment then yields the total offense level of 29 properly employed by the District Court. *See* U.S.S.G. § 4B1.1(b) (instructing that acceptance of responsibility adjustment should be applied after computation of the offense level).

The second issue Miller raises is styled as a challenge to the fact that he was labeled as a career offender under U.S.S.G. § 4B1.1. As we noted above, Miller concedes that the career offender guideline "technically applies." He argues, however, that the career offender status, even as lowered to a category V, severely overstates his criminal history, and that he should have been sentenced under criminal history category III. In other words, Miller is not happy with the District Court's decision to ratchet his criminal history downward by only one category.

In *United States v. Cooper,* 437 F.3d 324 (3d Cir. 2006), we explained that we had

jurisdiction post-*Booker* under 18 U.S.C. § 3742(a) to review the reasonableness of a sentence. *Id.* at 327-28. We concluded, however, that this reasonableness review, consistent with our pre-*Booker* precedent, did not permit scrutinizing discretionary decisions by a District Court which either denied departure or refused to grant a downward departure to the extent the defendant desired. *Id.* at 332-33. Accordingly, *Cooper* precludes us from reviewing Miller's challenge to the District Court's decision to ratchet down only one criminal history category instead of three criminal history categories.[2]

We will affirm the judgment of the District Court.

---

[2]Because Miller did not argue that his 109 month sentence was unreasonable under 18 U.S.C. § 3553(a), we need not address that issue here.